DAVID G. SPIVAK (SBN 179684)
    david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
    caroline@spivaklaw.com
THE SPIVAK LAW FIRM
8605 Santa Monica Blvd., PMB 42554
West Hollywood, CA 90069
Telephone:  (213) 725-9094
Facsimile:   (213) 634-2485


Attorneys for Plaintiff,
EVE STORM, and all others similarly situated
(additional attorneys for Plaintiff on the following page)

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE STORM, on behalf of herself and all others similarly situated, and the general public, | Case No.: |
| | **CLASS ACTION** |
| *Plaintiff,* | |
| | **COMPLAINT FOR:** |
| vs. | 1. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198); |
| O'REILLY AUTO ENTERPRISES, LLC, a Delaware limited liability company; EXPRESS SERVICES, INC., a Colorado corporation doing business as Express Employment Professionals; and DOES 1–50, inclusive, | 2. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198); |
| | 3. Failure to Pay All Wages Earned for All Hours Worked at the Correct Rates of Pay (Lab. Code §§ 510, 1194, 1197, and 1198); |
| | 4. Failure to Indemnify (Lab. Code §§ 1198 and 2802); |
| *Defendants.* | 5. Waiting Time Penalties (Lab. Code § 203); and |
| | 6. Unfair Competition (Bus. & Prof. Code §§ 17200, et seq. |
| | **JURY TRIAL DEMANDED** |

**S P I V A K   L A W**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

1

1

2

3

4

## <u>ADDITIONAL ATTORNEY FOR PLAINTIFF</u>

5    WALTER HAINES (SBN 71075)
          whaines@uelglaw.com
6    UNITED EMPLOYEES LAW GROUP
7    4276 Katella Ave, #301
     Los Alamitos, CA 90720
8    Telephone:   (562) 256-1047
9    Facsimile:   (562) 256-1006

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**SPIVAK LAW**
Employee Rights Attorneys  26

Mail:
8605 Santa Monica Bl    27
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel    28
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

Plaintiff, EVE STORM (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## I.    INTRODUCTION

1.     Defendants allege this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2.     Plaintiff brings this class action based on alleged violations of the California Labor Code and Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"), against Defendants EXPRESS SERVICES, INC., a Colorado corporation dba Express Employment Professionals, O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly"), a Delaware limited liability company, and DOES 1-50, inclusive (collectively "Defendants").

3.     As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated workers for unpaid wages, statutory penalties, interest, and related relief. These claims are based on Defendants' failures to: (1) Provide all rest and meal periods; (2) Indemnify for necessary work-related expenditures; (3) Pay all wages earned for all hours worked at the correct rates of pay; and (4) Timely pay wages upon termination of employment. Accordingly, Plaintiff now seeks to recover civil penalties and related relief through this representative action.

## II.    THE PARTIES

4.     Plaintiff, an individual and resident of California, on approximately October 19, 2020, began working for Defendants at the O'Reilly Auto Parts Distribution Center Moreno Valley, Riverside County in the non-exempt, hourly position of picker. Defendants continuously employed her in that capacity until on or about January 7, 2021 when her employment ended.

5.     Defendant EXPRESS SERVICES, INC., dba Express Employment

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

3

Professionals, is a corporation organized and existing under the laws of Colorado and a citizen of California based on Plaintiff's information and belief.

6.     Defendant O'REILLY AUTO ENTERPRISES, LLC is a limited liability company organized and existing under the laws of Delaware and a citizen of California based on Plaintiff's information and belief.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein of the Defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

8.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting or failing to act within the course and scope of such agency, employment, direction and control, and with the approval and ratification of each of the other Defendants.

9.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not compensating Plaintiff and the other Class Members or otherwise complying with their rights in accordance with applicable California labor laws as alleged herein.

10.    At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants and each of them acted pursuant to and in furtherance of a policy and/or practice, or lack thereof, which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable laws

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

4

as alleged herein.

## III.    CLASS ALLEGATIONS

11.    This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Class members are similarly situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual class members. Class treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. Further, Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude class treatment.

12.    **Class Definition:** The Class is defined as follows: All persons Defendants employed in California, either directly or indirectly through staffing agencies, as hourly, non-exempt employees, including, but not limited to, pickers, drivers, warehouse workers, material handlers, individuals performing work comparable to the aforementioned, compensated comparably to the aforementioned, and individuals in similar positions, who worked at an O'Reilly worksite any time during the period beginning July 5, 2018 and ending on the date that final judgment is entered in this action ("Class" or "Class Members").

13.    **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

14.    **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

5

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California laws.

15. **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A. Whether Defendants failed to pay all wages earned to Class Members for all hours worked at the correct rates of pay, including minimum, regular, overtime, doubletime, meal period premium, and rest period premium;

B. Whether Defendants failed to pay all wages earned at the correct rates of pay?

C. Whether Defendants failed to provide the Class Members with all meal periods in compliance with California law;

D. Whether Defendants failed to authorize and permit the Class Members to take all rest periods in compliance with California law;

E. Whether Defendants failed to indemnify the Class Members for the reasonable expenses they incurred during the course of performing their duties;

F. Whether Defendants willfully failed to provide the class with timely final wages;

G. Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code sections 17200, et seq., with respect to the Class; and

H. Whether Class Members are entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations.

16. **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

6

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

a policy and/or practice, or lack thereof, which resulted in Defendants failing to comply with the California Labor Code, the Wage Order, and the Business and Professions Code.

17.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

18.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent Class Members.

19.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

/ / /

/ / /

/ / /



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

7

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

## IV.    FACTUAL ALLEGATIONS

20.    On approximately October 19, 2020, Defendants began to employ Plaintiff at the O'Reilly Auto Parts Distribution Center Moreno Valley, Riverside County in the non-exempt, hourly position of picker. From that date, Defendants continuously employed her in that capacity until on or about January 7, 2021 when her employment ended.

21.    At all relevant times, Defendants issued wages to Plaintiff and all of the other Class Members on a weekly (52 paychecks/year) basis and paid them by the hour. At all relevant times, Defendants classified Plaintiff and all of the other Class Members as non-exempt employees entitled to the protections of the Labor Code and the Wage Order.

22.    Defendants failed to compensate Plaintiff and all of the other Class Members for all hours worked at the applicable minimum or regular rates of pay. Defendants required Plaintiff and the Class Members to spend time in security and COVID19 procedures before entering their work areas and clocking in for purposes of payroll. Defendants did not pay Plaintiff and the Class Members for these activities. Defendants also required Plaintiff and the Class Members to spend time in security and COVID19 procedures during their off-the-clock meal periods. Defendants did not pay Plaintiff and the Class Members for time spent in these meal time activities nor pay for the entirety of the interrupted 30-minute meal period as time worked.

23.    Defendants failed to compensate Plaintiff and all of the other Class Members at the correct rates of pay for all hours worked over eight (8) in a day, over forty (40) in a week, and for the first eight (8) hours of the seventh day of the workweek. The unpaid activities above extended the workdays of Plaintiff and the Class Members in excess of eight hours in a day and in excess of forty (40) hours in a week. However, Defendants did not compensate Plaintiff and the Class



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

8

Members at overtime premium rates of pay for such work.

24.    Defendants failed to compensate Plaintiff and all of the other Class Members at the correct rates of pay for all hours worked over twelve (12) in a day, and all over the first eight (8) of the seventh day of the workweek. The unpaid activities above extended the workdays of Plaintiff and the Class Members in excess of twelve (12) hours in a day. However, Defendants did not compensate Plaintiff and the Class Members at doubletime premium rates of pay for such work.

25.    At all relevant times, Defendants failed to provide Plaintiff and all of the other Class Members with all timely 30-minute, off-duty meal periods. As explained above, Defendants also required Plaintiff and the Class Members to spend time in security and COVID19 procedures during their off-the-clock meal periods. To enjoy the use of personal items such as food brought from home, mobile phones, and other electronic devices, Defendants required Plaintiff and the Class Members to undergo the security procedures during their off-the-clock meal periods. Defendants did not pay Plaintiff and the Class Members for time spent in these meal time activities nor pay for the entirety of the interrupted 30-minute meal period as time worked. Defendants also failed to pay premium wages for days on which they failed to provide Plaintiff and all of the other Class Members with meal periods as required by law.

26.    At all relevant times, Defendants failed to authorize and permit Plaintiff and all of the other Class Members to take ten-minute, off-duty, paid rest breaks every four hours worked or major portion thereof. As explained above, Defendants also required Plaintiff and the Class Members to spend time in security and COVID19 procedures during their off-duty rest breaks. To enjoy the use of personal items such as food brought from home, mobile phones, and other electronic devices, Defendants required Plaintiff and the Class Members to undergo the security procedures during their off-duty rest breaks. Defendants did not pay



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

9

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

Plaintiff and the Class Members for time spent in these rest break time activities. Defendants also failed to pay premium wages for days on which they failed to authorize and permit Plaintiff and all of the other Class Members to take rest breaks as required by law.

27.     At all relevant times, Defendants required Plaintiff and all of the other Class Members to incur certain business expenses in the course of performing their duties. Defendants required Plaintiff and all of the other Class Members to supply gloves and other protective gear and PPE to perform their job duties. However, Defendants did not provide these items and did not reimburse Plaintiff and the other Class Members for these items.

28.     Defendants also failed to timely pay Plaintiff and all of the other Class Members all earned wages as described above during and at the conclusion of employment.

29.     For the reasons stated herein, Plaintiff alleges that as a result of Defendants' unlawful practice and policies, Plaintiff and the Class Members were:

A.     Not provided with all off duty meal periods;

B.     Not provided with all rest break periods as required by law;

C.     Not paid one hour's pay for each workday in which Defendants failed to provide them with one or more timely rest periods;

D.     Not paid one hour's pay for each workday in which Defendants failed to provide them with one or more timely meal periods;

E.     Not paid all wages earned, including, but not limited to, regular and overtime wages for work performed while clocked out;

F.     Not indemnified for all necessary business expenditures incurred during the discharge of their duties;

G.     Not timely paid all earned and unpaid wages during their employment with Defendants and at the time such employment ended.

10

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

# FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### Lab. Code §§ 226.7 and 512

**(By Plaintiff, on behalf of herself and the Class, against all Defendants)**

30.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

31.   At all relevant times, Plaintiff and the Class Members have been non-exempt employees entitled to the protections of both the Labor Code and the Wage Order.

32.   In relevant part, California Labor Code § 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

33.   In relevant part, In relevant part, California Labor Code § 512 states:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

> An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

11

34.    In relevant part, Section 11 of the Wage Order states:

**<u>Meal Periods</u>**

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E)    In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

35.    In relevant part, California Labor Code § 226.7 states:

> (b)    An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

> (c)    If an employer fails to provide an employee a meal period or rest period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

36.    Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the Class Members were entitled to uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

37.    Defendants intentionally failed to provide Plaintiff and the Class Members with all required 30-minute duty free meal periods.

38.    At all relevant times, Defendants failed to provide Plaintiff and all of the other Class Members with all timely meal periods. Defendants denied Plaintiff and all of the other Class Members their 30-minute off-duty meal period within the first five hours of work. As explained above, Defendants also required Plaintiff and the Class Members to spend time in security and COVID19 procedures during their off-the-clock meal periods. To enjoy the use of personal items such as food brought

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

13

from home, mobile phones, and other electronic devices, Defendants required Plaintiff and the Class Members to undergo the security procedures during their off-the-clock meal periods. Defendants did not pay Plaintiff and the Class Members for time spent in these meal time activities nor pay for the entirety of the interrupted 30-minute meal period as time worked. Furthermore, Defendants failed to pay premium wages for days on which they failed to provide Plaintiff and all of the other Class Members with timely meal periods.

39.     Plaintiff is informed and believes and thereon alleges that, at all relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the and the Class Members with all off-duty meal periods and rest breaks required by California law.

40.     Plaintiff is informed and believes and thereon alleges that, at all relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all off-duty meal periods required by California law.

41.     As a result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

42.     By reason of the above, Plaintiff and the Class Members are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

/ / /

/ / /

/ / /

/ / /

/ / /



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

14

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

## SECOND CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST BREAKS

### Lab. Code § 226.7

### (By Plaintiff, on behalf of herself and the Class, against all Defendants)

43.     Plaintiff incorporates all paragraphs of this complaint as if fully alleged herein.

44.     At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7 and 1198, and the Wage Order.

45.     In relevant part, California Labor Code § 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

46.     In relevant part, Section 12 of the Wage Order states:

> **Rest Periods**
>
> (A)    "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."
>
> (B)    If an employer fails to provide an employee a rest



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

15

period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

47.     Pursuant to the Wage Order, Plaintiff and the Class Members were entitled to be authorized and permitted to take net rest breaks of at least ten minutes for each four-hour period of work, or major fraction thereof.

48.     Defendants intentionally failed to authorize and permit Plaintiff and the Class Members to take all 10-minute rest periods free from any work duties in accordance with the Wage Order.

49.     At all relevant times, Defendants failed to authorize and permit Plaintiff and all of the other Class Members to take ten-minute, paid, duty-free rest breaks every four hours worked or major fraction thereof. Defendants did not seek an exemption from the rest period protections of the Wage Order from the California Division of Labor Standards Enforcement.

50.     As explained above, Defendants also required Plaintiff and the Class Members to spend time in security and COVID19 procedures during their off-duty rest breaks. To enjoy the use of personal items such as food brought from home, mobile phones, and other electronic devices, Defendants required Plaintiff and the Class Members to undergo the security procedures during their off-duty rest breaks. Defendants did not pay Plaintiff and the Class Members for time spent in these rest break time activities. Moreover, Defendants failed to pay Plaintiff and all of the other Class Members premium wages on workdays Defendants failed to provide Plaintiff and all of the other Class Members with 10-minute rest periods every four hours worked or major fraction thereof.

51.     Plaintiff is informed and believes and thereon alleges that, at all relevant times within the applicable limitations period, Defendants had a policy,

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

practice, or a lack of a policy which resulted in Defendants not authorizing and permitting Plaintiff and the Class Members to take all rest breaks required by California law.

52.    Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

53.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

54.    As a result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

55.    By reason of the above, Plaintiff and the Class Members are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

### **THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES EARNED AT THE CORRECT RATES OF PAY**

**Lab. Code §§ 510, 1194, 1197, and 1198**

**(By Plaintiff, on behalf of herself and the Class, against all Defendants)**

56.    Plaintiff incorporates all paragraphs of this complaint as if fully alleged herein.

57.    At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code and the Wage Order.

58.    Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

59.    Section 3 of the Wage Order states:

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including

18

12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

60.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

61.    Labor Code section 510 states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

62.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Order.

63.    Labor Code section 1197 makes it unlawful for an employer to pay an

19

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

64.    Labor Code section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

65.    In conjunction, these provisions of the Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including unrecorded hours when the employer knew or reasonably should have known that employees were working during those hours. (See *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585.)

66.    At all relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to spend time in security and COVID19 procedures before entering their work areas and clocking in for purposes of payroll. Defendants did not pay Plaintiff and the Class Members for these activities. Defendants also required Plaintiff and the Class Members to spend time in security and COVID19 procedures during their off-the-clock meal periods. Defendants did not pay Plaintiff and the Class Members for time spent in these meal time activities nor pay for the entirety of the interrupted 30-minute meal period as time worked. The unpaid activities above extended the workdays of Plaintiff and the Class Members in excess of eight hours in a day and in excess of 40 hours in a week. However, Defendants did not compensate Plaintiff and the Class Members at overtime premium rates of pay for such worktime. The unpaid activities above extended the workdays of Plaintiff and the Class Members in excess of 12 hours in a day. However, Defendants did not compensate Plaintiff and the Class Members at doubletime premium rates of pay for such worktime.

67.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants maintained a policy and/or practice, or lack thereof,

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

20

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

which resulted in Defendants' failure to compensate Plaintiff and the other Class Members for all hours worked as required by California law.

68.    As a result of Defendants' unlawful conduct, Plaintiff and the other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

69.    Pursuant to Labor Code section 1194, Plaintiff, on behalf of herself and Class Members, seeks to recover unpaid wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

70.    Additionally, with respect to this cause of action, on behalf of herself and the class, Plaintiff prays for an award of reasonable costs and attorneys' fees, including interest thereon, as permitted by law, all in amounts subject to proof.

## FOURTH CAUSE OF ACTION
### FAILURE TO INDEMNIFY
### Lab. Code § 2802
### (By Plaintiff, on behalf of herself and the Class, against all Defendants)

71.    Plaintiff incorporates all paragraphs of this complaint as if fully alleged herein.

72.    At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code and the Wage Order.

73.    In pertinent part, California Labor Code § 2802(a) states:

> "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

21

74.    California Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

75.    At all relevant times, Defendants required Plaintiff and the Class Members to incur certain business expenses in the course of performing their duties. During the applicable limitations period, Defendants required Plaintiff and all of the other Class Members to supply gloves, other protective gear, and PPE to perform their job duties. However, Defendants did not provide these items and did not reimburse Plaintiff and the other Class Members for these items.

76.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants maintained a policy and/or practice, or lack thereof, which resulted in Defendants' failure to indemnify Plaintiff and the Class Members for the reasonable expenses they incurred during the course of performing their duties.

77.    By reason of the above, Plaintiff and the members of the class are entitled to reimbursement for all necessary expenditures and losses and interest due and owing to them within four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code section 2802(b). Further, Plaintiff, on behalf of herself and the class, prays for reasonable attorney's fees pursuant to Labor Code section 2802(c).

78.    Additionally, with respect to this cause of action, on behalf of herself and the class, Plaintiff prays for an award of reasonable attorney fees and costs, including interest thereon, as permitted by law, all in amounts subject to proof.

/ / /

/ / /

/ / /

/ / /

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Storm v. Express Services, Inc., et al.*                    Class Action Complaint

## **FIFTH CAUSE OF ACTION**

### **WILLFUL FAILURE TO TIMELY PAY FINAL WAGES**

### **(Lab. Code §§ 201, 202, and 203)**

### **(By Plaintiff, on behalf of herself and the Class, against all Defendants)**

79.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

80.    At all relevant times during the applicable limitations period, Plaintiffs and the Class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 201, 201.3, 202, 203, and the Wage Order.

81.    Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

82.    Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

83.    By failing to pay earned minimum, overtime, and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

84.    Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff and the Class Members all of their earned and unpaid wages (described above) have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order, even though at all relevant times, they have had the ability to comply with those legal requirements.



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

23

85.    Pursuant to Labor Code § 203, Plaintiffs seeks waiting time penalties on behalf of themselves and the Class, in amounts subject to proof not to exceed 30 days of waiting time penalties for each Class Member.

## SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (Bus. & Prof. Code §§ 17200, *et seq.*)
### (By Plaintiff, on behalf of herself and the Class, against all Defendants)

86.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

87.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the Class Members have suffered injuries in fact and lost money or property. Plaintiff and the Class Members were deprived of mileage expenses, minimum wages, regular wages, overtime wages, doubletime wages, missed rest period premium wages, missed meal period premium wages, and comparable money and property.

88.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the Class Members are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

89.    Plaintiff and the Class Members are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

/ / /

/ / /

/ / /

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

24

# V.     PRAYER FOR RELIEF

90.     WHEREFORE, Plaintiff, on behalf of herself and the Class Members, prays for relief and judgment against Defendants as follows:

       A.     An order that the action be certified as a class action with respect to Plaintiff's claims for violations of California law;

       B.     An order that Plaintiff be appointed class representative;

       C.     An order that counsel for Plaintiff be appointed class counsel;

       D.     Unpaid wages, including minimum, regular, overtime, double-time, missed meal period, missed rest period, wages;

       E.     Liquidated damages;

       F.     Waiting time penalties;

       G.     Restitution;

       H.     Declaratory relief;

       I.     Actual damages;

       J.     Pre-judgment interest;

       K.     Costs of suit;

       L.     Reasonable attorneys' fees; and

       M.     Such other relief as the Court deems just and proper

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

25

*Storm v. Express Services, Inc., et al.*        Class Action Complaint

# VII.   DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all other Class Members, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: April 5, 2023                          By: /s/ David Spivak

DAVID SPIVAK
CAROLINE TAHMASSIAN
Attorneys for Plaintiff, EVE STORM,
and all others similarly situated

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

26